**IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Micro Sales, Inc., an Illinois corporation, | |
| Plaintiff, | |
| v. | No. |
| Advantech Corporation. a California corporation, | |
| Defendant. | |

**PETITION FOR AN ORDER TO COMPEL ARBITRATION AND FOR APPOINTMENT OF AN ARBITRATOR**

NOW COMES petitioner, Micro Sales, Inc., an Illinois corporation, by its attorneys, Norman J. Lerum and James M. Messineo, pursuant to Section 4 and Section 5 of the Federal Arbitration Act, 9 USC §§4, 5, petitions this Court for an order compelling respondent, Advantech Corporation, a California corporation, to arbitrate pursuant to an enforceable arbitration clause in the parties' contract, and for the appointment of an arbitrator to conduct the arbitration in Illinois, and in support thereof, states as follows:

**THE PARTIES**

1. The plaintiff, Micro Sales, Inc. ("Micro Sales") is an Illinois corporation with offices located at 1001 West Hawthorne Drive, Itasca, Illinois.

2. Micro Sales is an independent manufacturer's representative specializing in designing, marketing, and selling electronic components for computers and other electronic products for the northern Illinois and southern Wisconsin markets.

-1-

3.Defendant Advantech Corporation ("Advantech") is one of the ten largest corporations in Taiwan. In the United States, Advantech incorporated under the laws of California and maintains its United States headquarters at 380 Fairview Way, Milipitas, California 95035. Even though Advantech sells its products worldwide, it relies on independent representation or "direct sales" employees to find customers and learn the produce design and product application required by the customer.

4.Advantech is in the business of designing and manufacturing embedded computing systems and embedded computing products which include computer modules, single board computers, motherboards, and computing platforms.

5.Advantech conducts business in numerous states in the United States, including Illinois. In the Chicago area, Advantech presently does business by selling its products through "direct sales" employees who work from their home offices in DuPage, Lake, and Cook counties. However, Advantech is not incorporated in Illinois.

6.Advantech has also done business in the Chicago area by contracting with the petitioner, Micro Sales, an independent manufacturer's representative, continuously from 2005 through 2013. This action arises from a "Manufacturer Representative Agreement" between the parties dated April 10, 2012, a copy of which is attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this matter pursuant to 28 USC §1331 because the dispute between the parties at this stage involves a federal question as to the enforceability of the arbitration provision (¶17) in the parties' April 10, 2012 contract (attached as Exhibit A) under the Federal Arbitration Act, 9 USC §1 et seq.

8. This Court also has jurisdiction over this matter pursuant to 28 USC §1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

9. Venue is proper in the Northern District of Illinois pursuant to 28 USC §1391(b) because a substantial part of the events or omissions giving rise to Micro Sales' claims accrued in the Northern District of Illinois.

**MICRO SALES' UNDERLYING CLAIMS AGAINST ADVANTECH ARE WITHIN THE SCOPE OF THE ARBITRATION CLAUSE**

10. On April 10, 2012, Micro Sales and Advantech entered into a Manufacturer Representative Agreement which provided that Micro Sales would receive commission at the rate of 3% of all Advantech products sold by Micro Sales as identified by the contract.

11. Paragraph 1 of the April 10, 2012 Agreement (attached as Exhibit A) provides that the Agreement was to be automatically renewed on an annual basis unless terminated in accordance with ¶18 of the Agreement, assuming that there were no breaches by either party.

12. On April 10, 2013, the April 10, 2012 Agreement automatically renewed for

Case: 1:14-cv-00997 Document #: 1 Filed: 02/12/14 Page 4 of 9 PageID #:4

one year to April 10, 2014.

13. On November 21, 2013, Micro Sales gave notice to Advantech that Advantech had breached the parties' contract in five different ways on five different occasions:

a. In February, 2012, Advantech unilaterally, and in breach of the contract, reduced the contract commission rate of 3% to 2%;

b. On February 27, 2013, Advantech unilaterally imposed additional requirements, obligations, and restrictions on Micro Sales in breach of the terms and provisions of the April 10, 2012 Agreement;

c. In April, 2012, Advantech again reduced the contract commission rate of 3% to 1.5%;

d. On March 25, 2013, Advantech again reduced the contract commission rate of 3% to .5%;

e. On June 3, 2013, Advantech purportedly gave "an official notice of termination" under ¶18 of the April 10, 2012 Agreement, which was also in breach of the Agreement. As of June 3, 2013, Advantech had breached the Agreement in a material way, on four prior occasions. As the breaching party under the law, Advantech was unable to terminate under ¶18 to take advantage of the termination provisions of ¶18. As a matter of law, the termination date of the contract is April 10, 2014, which is the end of its existing term.

14. From February, 2012 to November 19, 2013, Advantech owes Micro Sales, Inc. $125,021.97 in unpaid commissions under the terms of the Agreement.

15. Micro Sales is protected by the Illinois Sales Representative Act, 820 ILCS 120/1 which provides that a foreign manufacturer is obligated under the law to provide a full and accurate accounting of all commissions owed, and to pay commissions due and owing under certain statutory prescribed deadlines.

16. Advantech is in breach of the Illinois Sales Representative Act because it has refused to provide a full and accurate accounting of commissions owed, and has refused to pay commissions owed pursuant to the terms of the parties' contract, and pursuant to the statuory requirements of the Illinois Sales Representative Act.

17. The Illinois Sales Representative Act also provides that "any provision in any contract between a sales representative and principal purporting to waive any of the provisions of this Act shall be void." 820 ILCS 120/2. The choice of law provisions contained in manufacturer representative agreements providing that another state law governs the contract are void, unenforceable, and contrary to Illinois public policy. *Maher and Associates, Inc. v. Quality Cabinets*, 267 Ill.App.3d 69, 640 N.E.2d 1000, 203 Ill.Dec. 850 (2d Dist., 1994), petition for leave to appeal denied, 159 Ill.2d 569, 647 N.E.2d 1011, 207 Ill.Dec. 518.

18. The Illinois Sales Representative Act voids, and renders unenforceable, the choice of law provision contained in ¶20 of the parties' contract (Exhibit A) providing that the contract is governed by the laws of the State of California.

19. The claims asserted by Micro Sales against Advantech include claims for the recovery of attorney fees and/or exemplary damages which are recoverable under the Illinois Sales Representative Act against foreign manufacturers in breach of the Statute. 820 ILCS 120/3.

20. All the claims asserted by Micro Sales against Advantech are within the scope of the arbitration clause contained in ¶17 of the parties' contract, which provides

as follows:

> "b.   A failure to reach an adjustment of any difference, or to settle any disputed claim that may arise, except as otherwise provided in this Agreement, shall thereupon make the same matter for arbitration hereunder, upon the written request of any one party to the other, and such aribitration shall be in accordance with the Commercial Arbitration Rules, then in effect of the American Arbitration Association. It is understood that a judgment on an award rendered, which may include an award of damages, may be entered in any court having jurisdiction thereof." (See ¶17 of the parties' contract, attached hereto as Exhibit A)

21.   The foregoing arbitration clause in the parties' contract is governed by the Federal Arbitration Act, 9 USC §1 et seq. because the contract involves the movement of goods in interstate commerce.

22.   The foregoing arbitration clause *does not* provide that the arbitration be conducted under the auspices or jurisdiction of the American Arbitration Association. The foregoing arbitration clause provides for a private arbitration with one arbitrator conducting the arbitration in accordance with the Commercial Arbitration Rules, then in effect, of the American Arbitration Association. The private arbitration is triggered "at the request of any one party to the other."

23.   The foregoing arbitration provision *does not* provide for a method to be followed by the parties for the selection of an arbitrator. Because the parties did not agree to submit the arbitration to the auspice or jurisdiction of the American Arbitration Association, that body does not become involved in the identification of a panel of arbitrators to be selected by the parties using a method prescribed by the American Arbitration Association. The foregoing arbitration provision falls within the scope of §5

of the Federal Arbitration Act, which provides this Court with the authority to select an arbitrator when the parties cannot agree on the selection of an arbitrator, and when there is no method of selecting an arbitrator contained in the contract.

### ADVANTECH'S REFUSAL TO ARBITRATE IN GOOD FAITH

24. Attached as Exhibits B, C, D, E, F, G and H are copies of correspondence between the parties from November 21, 2013 through February 7, 2014. On November 21, 2013, Micro Sales requested arbitration under the arbitration clause in the event Advantech refused to settle the case in good faith and in a timely manner. Not only has Advantech refused to address the substantive issues raised by Micro Sales, Advantech has delayed any good faith discussion of arbitration and has refused to proceed with a private arbitrator as required by the arbitration clause in the parties' contract. Moreover, Advantech has refused to agree to the arbitrator suggested by Micro Sales or to participate in any arbitration in Illinois.

### THIS COURT HAS THE AUTHORITY AND JURISDICTION TO COMPEL ADVANTECH TO ARBITRATE IN ILLINOIS AND TO APPOINT AN ARBITRATOR UNDER THE FEDERAL ARBITRATION ACT

25. Section 4 of the Federal Arbitration Act, 9 USC §4, provides that Micro Sales may invoke the jurisdiction of this Court to compel Advantech to arbitrate pursuant to the terms of the parties' arbitration clause.

26. Section 5 of the Federal Arbitration Act, 9 USC §5, provides that in the event no method for selecting an arbitrator is provided in the arbitration clause, and when the parties can not agree on an arbitrator, then a Federal District Court has the

authority to select an arbitrator to arbitrate the parties' dispute. See *Green v. U.S. Cash Advance Illinois, LLC,* 724 F.3d 787 (7th Cir., 2013).

27. The arbitration should occur in Illinois for the following reasons:

   a. Illinois law controls the underlying contract disputes;

   b. The disputes arise over a manufacturer's sales representative contract entered and performed in Illinois;

   c. Micro Sales performed all the work in designing, marketing and securing sales contracts with end users of Advantech products in Illinois giving rise to Micro Sales' claims for commissions and breach of contract;

   d. Advantech, as the foreign manufacturer, invoked the benefits and privileges of Illinois law by doing business with Micro Sales, an independent sales representative, under a written contract. Advantech is now obligated to bear the burden of arbitration in Illinois pursuant to an arbitration clause that it drafted and included in its contract;

   e. Advantech is present, and doing business on a regular and systematic basis in Illinois through its "direct sales" employees located in the Northern District of Illinois;

   f. Illinois is the state where most of the events, conduct, or omissions, occurred giving rise to the disputes between the parties.

### RELIEF REQUESTED

28. Micro Sales respectfully requests that that this Court enter judgment in its favor and against the Advantech under the Federal Arbitration Act, 9 USC §4 and §5, by providing as follows:

   a. Advantech be compelled to arbitrate claims asserted by Micro Sales, in Illlinois, and

   b. Appoint a specific arbitrator to conduct all phases of the arbitration

pursuant to the arbitration clause contained in the parties' contract and pursuant to the Federal Arbitration Act until the matter is finally resolved.

Respectfully submitted,

/s/*Norman J. Lerum*
Norman J. Lerum, as one of the attorneys for the plaintiff, Micro Sales, Inc.

/s/*James M. Messineo*
James M. Messineo, Esq. as one of the attorneys for plaintiff Micro Sales, Inc.

Norman J. Lerum, Esq.
NORMAN J. LERUM, P.C.
55 West Monroe Street/Suite 2455
Chicago, Illinois 60603
(312) 782-1087
ARDC No. 1622854

James M. Messineo, Esq.
James Messineo & Associates
1618 Colonial Parkway
Inverness, IL 60067
(847) 705-9072