**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICRO SALES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 997 |
| | ) | |
| ADVANTECH CORPORATION, | ) | Judge Jorge L. Alonso |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Micro Sales, Inc., filed its complaint in this action on February 12, 2014. The complaint sought to compel defendant, Advantech Corporation, to arbitrate pursuant to an arbitration clause in the parties' contract. The complaint also sought the appointment of an arbitrator to conduct the arbitration in Illnois. Advantech agreed to arbitrate in Chicago, and the parties filed an agreed motion for appointment of an arbitrator to conduct the arbitration. On April 10, 2014, Judge Ellis entered an order granting the parties' motion and appointing Retired Magistrate Judge Nan R. Nolan to conduct a binding arbitration pursuant to the contract's arbitration provision.

The case was reassigned to this Court on January 16, 2015. At this Court's initial status hearing on February 10, 2015, the Court asked plaintiff's counsel to identify the pending controversy. Counsel stated that the plaintiff may ask the Court to confirm an arbitration award that may be issued at some future date. The Court then gave plaintiff leave to file a brief citing authority for its position that the Court continues to have subject-matter jurisdiction over this matter, *i.e.*, that there is still a case or controversy.

Plaintiff filed its memorandum of law on March 3, 2015. Plaintiff contends that "this Court should keep this matter open for the purpose of [e]nsuring that the arbitration agreement is completely enforced consistent with the purpose of the Federal Arbitration Act." (Pl.'s Mem. 2.) It also raises the possibility that one of the parties might move to confirm, modify, or vacate any eventual arbitration award, contends that the parties would bear "a duplicative and unnecessary burden" should they be required to file a new action in order to do so, and asserts that the "case law relating to 'case or controversy' does not, and should not, be applied to matters involving the enforceability of an arbitration award under the Federal Arbitration Act." (*Id.* 3.)

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). This case-or-controversy requirement "subsists through all stages of federal judicial proceedings." *Id.* To sustain this Court's jurisdiction, it is not enough that a dispute was present when the case was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit. *See id.* at 477-78. There is no case or controversy, and a suit therefore becomes moot, "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, --- U.S. ----, 133 S. Ct. 1017, 1023 (2013) (internal quotation marks omitted).

The issue of the enforceability of an arbitration award is not before the Court; indeed, the parties' arbitration is ongoing. Plaintiff cites no authority for its position that the Court should continue to keep this case open for the parties' convenience in the event that one of them seeks to bring a hypothetical motion to confirm, modify, or vacate an arbitration award that has not yet been issued. Plaintiff has received all of the relief it sought in the complaint; there is nothing left to adjudicate. Because there is no remaining case or controversy, the Court no longer has

subject-matter jurisdiction over this proceeding. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 991 (7th Cir. 2000) ("When a case is moot, it must be dismissed as non-justiciable."). Accordingly, this action is dismissed for want of subject-matter jurisdiction.

**SO ORDERED.**                             **ENTERED:**     **March 5, 2015**

                                                        _____
                                                        **HON. JORGE L. ALONSO**
                                                        **United States District Judge**